In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-2943

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROSS THACKER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:03-cr-20004-MMM-2 — **Michael M. Mihm**, *Judge.*

ARGUED MAY 13, 2021 — DECIDED JULY 15, 2021

Before SYKES, *Chief Judge*, and SCUDDER and KIRSCH, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Ross Thacker is serving a 33-year federal sentence for a series of armed robberies he committed in 2002. The sentence included so-called stacked penalties—imposed to run consecutively to one another—for two convictions under 18 U.S.C. § 924(c) for using and carrying a firearm during two of the robberies. The first § 924(c) conviction resulted in a mandatory minimum sentence of 7 years, and the

second added a mandatory consecutive sentence of at least 25 years. In September 2020 Thacker invoked 18 U.S.C. § 3582(c)(1)(A) and sought to reduce his sentence based not only on the health risks of exposure to COVID-19 within prison, but also on the amendment Congress enacted in the First Step Act of 2018 to limit the circumstances in which multiple sentences for violations of § 924(c) can be stacked. The district court denied Thacker's motion, concluding in part that the discretion in § 3582(c)(1)(A) to reduce a sentence upon finding "extraordinary and compelling reasons" does not include the authority to reduce § 924(c) sentences lawfully imposed before the effective date of the First Step Act's anti-stacking amendment.

Federal courts across the country have—and continue to—weigh in on this question, sometimes reaching different conclusions. We now weigh in too—and agree with the district court. Given Congress's express decision to make the First Step Act's change to § 924(c) apply only prospectively, we hold that the amendment, whether considered alone or in connection with other facts and circumstances, cannot constitute an "extraordinary and compelling" reason to authorize a sentencing reduction. So we affirm.

## I

### A

Ross Thacker and a friend committed several armed robberies in and around Champaign, Illinois in 2002. Federal charges followed and two jury trials resulted in Thacker being convicted of two violations of 18 U.S.C. § 1951 (commercial robbery) and two accompanying violations of 18 U.S.C.

§ 924(c) for using and carrying a firearm in furtherance of a crime of violence.

The district court sentenced Thacker to 33 years and 4 months' imprisonment and 5 years of supervised release. Seven of those 33 years came from the sentence imposed for Thacker's first § 924(c) violation. See 18 U.S.C. § 924(c)(1)(A)(ii) (2002). A consecutive 25 years followed for the second violation of § 924(c). See *id.* § 924(c)(1)(C)(i) (2002). Those sentences reflected the mandatory minimum and consecutive terms of imprisonment Congress prescribed for violations of § 924(c) at the time of Thacker's sentencing. In short, the district court had no choice but to sentence Thacker to at least 7 years for the first § 924(c) violation and then to at least 25 consecutive years for the second. We affirmed Thacker's convictions on direct appeal. See *United States v. Thacker*, 206 F. App'x 580 (7th Cir. 2006).

B

In August 2020, after exhausting his remedies within the Bureau of Prisons, Thacker filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Upon reviewing Thacker's motion, the district court appointed counsel to represent him. Thacker's counsel then submitted an amended motion. The amended motion pointed to the significance of the First Step Act's change to § 924(c)'s penalty structure and added health-related considerations amid the COVID-19 pandemic. Thacker explained that he suffered from Type-2 diabetes and hypertension and faced an increased risk of exposure to and complications from COVID-19 within the federal correctional institution in Gilmer County, West Virginia, where he is serving his sentence.

The First Step Act of 2018 effected significant changes to aspects of federal criminal sentencing. See Pub. L. No. 115-391, 132 Stat. 5194. For one, federal prisoners acquired the right under 18 U.S.C. § 3582(c)(1)(A) to request a reduction in their sentences. No longer do they have to persuade and depend on the Bureau of Prisons to bring the motion on their behalf, which rarely happened before the First Step Act. For another, Congress amended the penalties mandated by certain statutes, including § 924(c).

Before the Act, a second or subsequent conviction under § 924(c) mandated the imposition of a minimum sentence of 25 years to run consecutive to all other sentences, including any sentence imposed (even in the same case) for a first conviction under § 924(c). See 18 U.S.C. § 924(c)(1)(C)(i) (2002). The First Step Act changed that. An enhanced sentence for a second or subsequent conviction under § 924(c) now applies only when the first § 924(c) conviction arises from a separate case and becomes final before the second conviction. See § 403, 132 Stat. at 5221–22.

Had Ross Thacker been sentenced after the First Step Act became law, he would have faced a 14-year mandatory minimum—7 years for each of his two § 924(c) convictions for brandishing a firearm during an armed robbery. Instead, Thacker faced a 32-year sentence for his two § 924(c) convictions. That 18-year difference understandably means all the world to Thacker.

The district court denied Thacker's motion for two primary reasons. First, the district court found that COVID-19 was well controlled within FCI Gilmer and otherwise that Thacker's health conditions were being managed with medication. In short, the district court concluded that Thacker's

health conditions did not amount to an extraordinary and compelling reason for early release.

Second, and as for the First Step Act's amendment to § 924(c), the district court observed that the amendment, by its terms, applied only prospectively and therefore that the sentencing disparity highlighted by Thacker could not serve as an extraordinary and compelling reason warranting a sentencing reduction.

In denying Thacker's motion, the district court lacked the benefit of our recent decision in *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020). As a result, the district court made the mistake of resting a part of its reasoning on the Sentencing Commission's policy statement defining what may constitute an extraordinary and compelling reason for purposes of a discretionary compassionate release sentencing reduction under § 3582(c)(1)(A)(i). In *Gunn*, we concluded that while the policy statement could serve as a guide to district courts, it was binding only on compassionate release motions made by the Director of the Bureau of Prisons. See *id.* at 1179.

But that mistake is of no moment on appeal because the district court also expressly addressed Thacker's argument on the merits, and observed that Congress, in § 403(b) of the First Step Act, expressly made the anti-stacking amendment effective only prospectively. Congress's choice, the district court concluded, meant that the sentencing disparity resulting from the amendment to § 924(c) could not constitute an extraordinary and compelling reason for a discretionary sentencing reduction and early release under § 3582(c)(1)(A).

Reasoning in the alternative, the district court also underscored that, even if the First Step Act's amendment to § 924(c)

were retroactive, the court would not exercise its discretion to grant Thacker early release. On this front, the district court applied the factors in 18 U.S.C. § 3553(a) and found that Thacker, in light of his offense conduct and criminal history, continued to present a danger to the community.

Thacker now appeals.

## II

Congress made plain in § 403(b) of the First Step Act that the amendment to 18 U.S.C. § 924(c) "shall apply to any offense that was committed before the date of the enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." By its terms, then, the First Step Act's anti-stacking amendment applies prospectively.

There is no way to read that choice as anything other than deliberate, for Congress charted a different course in other provisions of the First Step Act. Consider, for example, § 404, in which Congress permitted defendants who were sentenced before the Fair Sentencing Act of 2010 to benefit from that law's sentencing reform—including the elimination of mandatory minimum sentences for simple possession and the increased threshold quantity of crack cocaine necessary to trigger mandatory penalties. Congress made those changes retroactive. These distinctions matter, and they are ones reserved for Congress to make. Interpreting § 403 to apply retroactively would unwind and disregard Congress's clear direction that the amendment apply prospectively. The district court was right to see Thacker's motion, at least in part, as an attempted end-run around Congress's decision in the First Step Act to give only prospective effect to its amendment of § 924(c)'s sentencing scheme.

The compassionate release statute, § 3582(c)(1)(A), affords district courts discretion to reduce a term of imprisonment upon finding, among other requirements, "extraordinary and compelling reasons to warrant such a reduction." If a district court finds such reasons exist, it then must weigh any of the applicable sentencing factors in 18 U.S.C. § 3553(a) in determining whether to reduce a sentence. See 18 U.S.C. § 3582(c)(1)(A). Many a federal prisoner has invoked the extraordinary and compelling reasons provision as part of seeking a sentencing reduction, often citing extraordinary health circumstances involving terminal illness. See *Gunn*, 980 F.3d at 1179. We recently explained that, until the Sentencing Commission updates its policy statement to reflect prisoner-initiated compassionate release motions, district courts have broad discretion to determine what else may constitute "extraordinary and compelling reasons" warranting a sentence reduction. See *id.* at 1180–81.

But the discretionary authority conferred by § 3582(c)(1)(A) only goes so far. It cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively. To conclude otherwise would allow a federal prisoner to invoke the more general § 3582(c) to upend the clear and precise limitation Congress imposed on the effective date of the First Step Act's amendment to § 924(c). See *United States v. Jarvis*, 999 F.3d 442, 2021 WL 2253235, at *2 (6th Cir. June 3, 2021). Put another way, there is nothing "extraordinary" about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute. See *United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J., concurring) ("Indeed,

the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence.").

We harbor broader concerns with allowing § 3582(c)(1)(A) to serve as the authority for relief from mandatory minimum sentences prescribed by Congress. We see nothing preventing the next inmate serving a mandatory minimum sentence under some other federal statute from requesting a sentencing reduction in the name of compassionate release on the basis that the prescribed sentence is too long, rests on a misguided view of the purposes of sentencing, reflects an outdated legislative choice by Congress, and the like. Rationales along those lines cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law. Any other conclusion offends principles of separation of powers.

In making this observation, we are not saying that extraordinary and compelling individual circumstances, such as a terminal illness, cannot in particular cases supply the basis for a discretionary sentencing reduction of a mandatory minimum sentence. See *Gunn*, 980 F.3d at 1179. But we are saying that the discretion conferred by § 3582(c)(1)(A) does not include authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentencing reduction.

And so too do we worry that a contrary conclusion about the scope of the discretion conferred by § 3582(c)(1)(A) would allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions Congress established for federal prisoners to challenge their

sentences. That path is embodied in the specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and accompanying provisions. See *Hrobowski v. United States*, 904 F.3d 566, 567–68 (7th Cir. 2018).

We previously affirmed Thacker's convictions on direct appeal. And Thacker already unsuccessfully attacked his sentence under § 2255, so he would need express authorization to bring a second or successive request for post-conviction relief. See 28 U.S.C. § 2244(a). But he cannot do so, at least not on the basis of the First Step Act's amendment to § 924(c). Congress permits a second or successive § 2255 motion only if it contains "newly discovered evidence" or relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(1)–(2); see *Hrobowski*, 904 F.3d at 568. We have already twice rejected Thacker's attempts at a successive § 2255 appeal. See *Thacker v. United States*, No. 16-3530 (7th Cir. October 6, 2016); *Thacker v. United States*, No. 16-1191 (7th Cir. March 2, 2016). He presents no new evidence nor has the Supreme Court made any such ruling with respect to the § 924(c) stacking provision. To the contrary, the Supreme Court has found no constitutional infirmity with the prior § 924(c) stacked sentencing scheme. See *Deal v. United States*, 508 U.S. 129, 136–37 (1993) (involving a challenge that § 924(c)(1) is facially ambiguous).

In the end, our conclusion is limited. We hold only that the discretionary sentencing reduction authority conferred by § 3582(c)(1)(A) does not permit—without a district court finding some independent "extraordinary or compelling" reason—the reduction of sentences lawfully imposed before the effective date of the First Step Act's amendment to § 924(c). Nothing about our holding precludes district courts, upon

exercising the discretion conferred by § 3582(c)(1)(A) and determining that a sentence reduction is warranted, from considering the First Step Act's amendment to § 924(c) in determining the length of the warranted reduction. In fact, as other courts have persuasively explained, this may be the more effective way to get at the § 924(c) sentencing disparity. See *Jarvis*, 999 F.3d 442, 2021 WL 2253235, at *3.

### III

In closing, we observe that we are not the only court to deal with this issue. In fact, it has come up across the country, and courts have come to principled and sometimes different conclusions as to whether the change to § 924(c) can constitute an extraordinary and compelling reason for compassionate release.

The Fourth Circuit, on the one hand, takes the view that the sentencing disparity resulting from the anti-stacking amendment to § 924(c) may constitute an extraordinary and compelling reason for release. See *United States v. McCoy*, 981 F.3d 271, 285–87 (4th Cir. 2020).

On the other hand, a panel of the Sixth Circuit more recently took the opposite view. See *Jarvis*, 999 F.3d 442, 2021 WL 2253235, at *3. This followed from a previous decision of the Sixth Circuit concluding that another nonretroactive change to sentencing law in the First Step Act could not, by itself, constitute an extraordinary and compelling reason for release. See *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021). To a lesser extent and with little elaboration, the Eighth Circuit seems to be on this side of the ledger too. See *United States v. Loggins*, 966 F.3d 891, 892–93 (8th Cir. 2020) (observing that the district court did not misstate the law in finding

"that a non-retroactive change in law did not support a finding of extraordinary or compelling reasons for release").

The Tenth Circuit has adopted a middle ground, determining that the sentencing disparity resulting from a nonretroactive change to sentencing law in the First Step Act may serve in combination with other rationales as an extraordinary and compelling reason for early release. See *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021); see also *Maumau*, 993 F.3d at 837. Another panel of the Sixth Circuit, in a decision issued before *Jarvis*, echoed this same approach for the change to § 924(c). See *United States v. Owens*, 996 F.3d 755, 764 (6th Cir. 2021).

Our own court is familiar with this debate too. We heard *United States v. Black,* — F.3d —, 2021 WL 2283876 (7th Cir. June 4, 2021), Thacker's appeal, and a third case, *United States v. Sutton*, No. 20-2876 (7th Cir. argued Apr. 27, 2021), earlier this year. All three appeals implicated, to one degree or another, the First Step Act's amendment to § 924(c) and its relation to a request for a compassionate release sentencing reduction under § 3582(c)(1)(A). But whether the change to § 924(c) could constitute an extraordinary and compelling reason for release was squarely presented in only this appeal and *Sutton*. *Black*, by contrast, principally concerned whether the district court in that case should have weighed the change to § 924(c) when applying the § 3553(a) factors after the prisoner identified serious medical concerns as an independent extraordinary and compelling reason for release.

In vacating the district court's denial of compassionate release in *Black*, we cited with favor the views of both the Fourth and Tenth Circuits, while also observing that Congress's changes to the statutory sentencing scheme in § 924(c) might

factor into a district court's individualized determination of whether the § 3553(a) sentencing factors weighed in favor of Eural Black's early release. See *Black*, — F.3d —, 2021 WL 2283876, at *3. We then remanded the case with instructions allowing the district court to consider the change to § 924(c) as part of deciding Black's request for a sentencing reduction. *Black*'s broad language and express reliance on the Fourth Circuit's decision in *McCoy* left the opinion open to the observation that we had concluded Congress's recent amendment to § 924(c) can itself constitute an extraordinary and compelling reason justifying early release under § 3582(c)(1)(A). See *id.* at *5 n.3 (Kirsch, J., dissenting) (advancing this precise point).

We take the opportunity here to answer squarely and definitively whether the change to § 924(c) can constitute an extraordinary and compelling reason for a sentencing reduction. It cannot.

The proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons proceeds in two steps. At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c). Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

Before issuing this opinion, we circulated it to the full court under Circuit Rule 40(e). No judge in active service

requested to hear this case *en banc*.* Accordingly, the legal framework articulated in this opinion reflects the law of the Circuit.

For these reasons, we AFFIRM the district court's denial of Thacker's compassionate release motion.

---

* Circuit Judge Jackson-Akiwumi did not participate in the consideration or decision of this case.