NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2021[*]
Decided September 17, 2021

*Before*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1285

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CR-116 |
| PHILIP H. WENTZEL, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Philip Wentzel, a federal prisoner, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Because the district court acted within its discretion, we affirm.

Wentzel pleaded guilty in 2012 to seven counts of producing child pornography. *See* 18 U.S.C. § 2251(a). Federal agents learned that Wentzel, then a deputy sheriff of Milwaukee County, drugged and sexually abused six children entrusted to his care. He recorded and distributed videos and photographs of the assaults, and the agents traced them to Wentzel's property in Wisconsin. Authorities also discovered on Wentzel's laptop chat logs in which he described how he drugged his victims. And they found in Wentzel's home the drugs that he used. Wentzel initially pleaded guilty to six counts of producing child pornography, but on the day of sentencing, the government identified a seventh victim and filed an information for a seventh count. Wentzel consented to proceed by information, waived indictment on the seventh charge, and pleaded guilty to all seven charges. The additional charge did not affect the district court's calculation under the Sentencing Guidelines; the guidelines already recommended life in prison regardless of the seventh charge.

At sentencing, the district court rejected Wentzel's request for 25 years in prison. After considering the sentencing factors under 18 U.S.C. § 3553(a)—particularly the seriousness of the offenses and the need to protect the public—the court sentenced him to 40 years' imprisonment. That sentence reflected 300 months for each of the original six counts, running concurrently, plus an additional 180 months for the late-added seventh count, running consecutive to the other counts. On appeal, Wentzel's lawyer requested to withdraw, and Wentzel voluntarily dismissed the appeal.

After dismissing his appeal, Wentzel collaterally attacked his conviction. He invoked 28 U.S.C. § 2255 and raised two legal claims relevant to this appeal: the government had breached a plea agreement and violated his rights under the Double Jeopardy Clause by adding a seventh charge on the day of sentencing. He also raised a factual argument, maintaining that he did not drug his victims, even though he had not objected to the presentence report's assertion that he had. The district court rejected these arguments, and we denied his request for authorization to relitigate them in a successive § 2255 motion.

Wentzel then unsuccessfully moved for relief under § 3582(c)(1)(A)(i). This law allows a court to reduce a sentence for "extraordinary and compelling reasons."

Prisoners often request relief under this provision because of serious health or family issues. But Wentzel instead repeated his arguments about double jeopardy and a "breached" plea agreement from his prior postconviction filings. He also insisted that the government had withheld recordings of its interviews with his victims. This "new evidence," he contended, refuted the government's assertion that he had drugged his victims. Finally, he argued that his efforts at rehabilitation in prison warranted relief.

The district court denied relief on three grounds. First, it reasoned that under § 3582(c)(1)(A)(i) it lacked discretion to grant relief based on Wentzel's legal challenges to his conviction and sentence or based solely on his rehabilitation. Second, even if it had discretion, on their merits Wentzel's legal challenges and argument about new evidence were not extraordinary and compelling reasons for relief. Finally, even if they were, a sentence reduction would nonetheless be unwarranted based on the factors under § 3553(a): Wentzel's offense was serious, and at sentencing, his own expert diagnosed him with pedophilia and suggested he might reoffend.

On appeal, Wentzel first argues that the court erred when it ruled that arguments regarding the legality of a sentence could never be "extraordinary and compelling reasons" for a sentence reduction. But in *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021), we warned that district courts should not use § 3582(c)(1)(A)(i) to erode the limits on postconviction relief in 28 U.S.C. § 2255. That statute bars successive collateral attacks on the legality of a sentence unless the inmate obtains prior approval under § 2255(h), which Wentzel has not. Wentzel insists that his motion falls outside § 2255 because he seeks only a discretionary reduction of his sentence, rather than an order vacating his conviction. The district court, however, was not required to accept arguments (about double jeopardy and a "breached" plea agreement) that it had already rejected in his prior postconviction filings.

Moreover, the district court also correctly explained why Wentzel's arguments that were not explicitly raised in his prior postconviction motions were meritless. The district court appropriately ruled that Wentzel's rehabilitation did not warrant a reduction, because "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). And it appropriately rejected his claim that "new evidence" refutes the presentence report's assertion that he drugged his victims during the assaults. Wentzel did not object to the presentence report at sentencing, nor did he provide the recordings that he says support this argument now. And as the district court explained, the presentence report listed ample evidence that Wentzel drugged his victims: he made statements about using specific drugs on his

victims, kept the same drugs in his home, and recorded videos of his victims while they were unconscious or semi-conscious. The court thus reasonably concluded that Wentzel drugged his victims and that his attempt to relitigate this issue did not establish an extraordinary and compelling basis for relief.

AFFIRMED