NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31 2022[*]
Decided September 1, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-3258

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:97-cr-118-RLY-DKL-02 |
| GREGORY CHARLES JONES, *Defendant-Appellant.* | Richard L. Young, *Judge.* |

## O R D E R

Gregory Jones, a federal prisoner, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the length of his sentence, his medical conditions, and the COVID-19 pandemic. The district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

correctly ruled that sentence length is not an extraordinary and compelling reason for release, and it did not abuse its discretion by concluding that the COVID-19 vaccine mitigated the medical risks that Jones faces from the virus. We thus affirm.

Jones first moved pro se for compassionate release in 2019. He had served less than half of a 56-year sentence for his role in a 1997 crime spree in which he and two accomplices carjacked a UPS truck, robbed a bank, fled from police, and held a family at gunpoint while trying to evade capture. Among other charges, Jones was convicted of three counts of using a firearm during a crime of violence under 18 U.S.C. § 924(c), which at that time required courts to impose consecutive minimum sentences for each charge. In his motion, Jones argued that he deserved a sentence reduction because the First Step Act of 2018 prospectively disposed of the mandatory "stacking" penalties for future § 924(c) convictions. That change, combined with other changes in the law, meant that he would face a significantly shorter sentence if he were sentenced today.

The motion was pending for over a year when, with the assistance of appointed counsel, Jones amended it. He repeated his argument that the length of his sentence was an extraordinary and compelling reason for release and added a new reason: his health conditions—stage III (moderate) chronic kidney disease and hypertension—and age (55) increased his risk of serious illness if he contracted COVID-19.

Before ruling on the motion, the court ordered Jones to show cause why it should not dismiss his motion in light of our decisions in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), and *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In *Thacker*, we held that the First Step Act's non-retroactive changes to the § 924(c) stacking penalties, "whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction." 4 F.4th at 571. In *Broadfield*, we explained that unless a prisoner can show that he is "unable to receive or benefit from a [COVID-19] vaccine … the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." 5 F.4th at 803.

Jones responded that he was still eligible for relief despite *Thacker* and *Broadfield*. Although he was scheduled to receive a COVID-19 vaccine, he believed that his medical conditions would impair its effectiveness. He cited an article explaining that patients with "advanced" kidney disease and taking immunosuppressive medications may benefit less from the vaccine:

> While the effectiveness of COVID-19 vaccines "are very good," "people who are on immunosuppression medications for the treatment of advanced kidney disease [such as Mr. Jones] ... may not receive the same level of protection, also known as antibody immunity, from the COVID-19 vaccine as people who are not on immunosuppressive medication."

*See Vaccines, Kidney Disease, & COVID-19*, NATIONAL KIDNEY FOUNDATION, Aug. 24, 2021, https://www.kidney.org/coronavirus/vaccines-kidney-disease. Jones did not state what, if any, immunosuppressive drugs he was on, cite medical records to support that he took such drugs, or show that he had "advanced" kidney disease. As for his § 924(c) argument, he urged that the court could take the length of his sentence into account when determining whether a sentence reduction was warranted because, he argued, his health conditions supplied an independent extraordinary and compelling reason.

The district court denied Jones's motion. It first explained that, based on *Thacker*, it could not consider the length of Jones's sentence when assessing whether he had shown an extraordinary and compelling reason for compassionate release. Drawing on the reasoning of *Broadfield*, it then ruled that COVID-19 did not create a reason for release either because, by then, Jones was fully vaccinated, and no COVID-19 cases were active at his prison. The court accepted that people on immunosuppressive drugs might not benefit from the vaccine, but it observed, "[Jones] has not pointed the court to any evidence suggesting that he is currently taking such immunosuppressant medications." Therefore, the court reasoned, the risk that Jones would become seriously ill or die from the virus had been "substantially diminished," even with new variants like Delta. Finally, the court alternatively found that the sentencing factors under 18 U.S.C. § 3553(a) independently weighed against release.

On appeal, Jones first argues that the court erred by concluding that *Thacker* foreclosed his argument that the length of his sentence—compared to the sentences of defendants convicted of violations of § 924(c) after the First Step Act—warranted compassionate release. He maintains that our decision in *United States v. Black*, 999 F.3d 1071 (7th Cir. 2021), authorized the court to grant relief on that basis. He is mistaken. As we explained in *Thacker*, *Black* addressed whether a court ruling on a compassionate-release motion may consider the 924(c) amendments as part of its § 3553(a) analysis. 4 F.4th at 576. *Thacker* confirms that courts can do so only after finding an independent extraordinary and compelling reason for release—with the § 924(c) amendments forming no part of that reason. *Id.* We have since repeated that district courts must not rely on non-retroactive statutory changes to the law or new judicial decisions when

deciding whether a defendant has shown an extraordinary and compelling reason for release. *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022).

Next, Jones contends that the court misapplied *Broadfield* when rejecting his arguments about his health concerns. He argues that his case is distinguishable from *Broadfield* because there the defendant refused to take a vaccine, but Jones is fully vaccinated. He adds that, despite the vaccine, he is still in danger of severe illness from the virus given his medical conditions and the rise of more-infectious variants.

The district court did not abuse its discretion by concluding that Jones did not establish an extraordinary and compelling reason for release. *See United States v. Rucker*, 27 F.4th 560, 562 (7th Cir. 2022). *Broadfield* is not limited to prisoners who refuse a vaccine. *See* 5 F.4th at 803. Rather, we ruled that the virus is not an extraordinary and compelling reason for the release of a prisoner unless the prisoner is "unable to receive or benefit from a vaccine." *Id.* Jones did not submit evidence suggesting that he fell within that exception. True, he submitted evidence that the virus is less effective for patients who take immunosuppressive medication for advanced kidney disease. But he did not supply evidence (and still does not on appeal) that he is such a patient. Further, the court reasonably denied Jones's motion despite the emergence of new variants of the virus. We have emphasized that, to account for the evolving nature of the pandemic and the rise of more contagious variants after *Broadfield* was decided, a district court must "leave us assured that it considered the applicant's individualized arguments and evidence." *Rucker*, 27 F.4th at 563. The court here did so when it noted the absence of active cases at Jones's prison and the continued efficacy of the vaccine.

Two brief matters remain. First, Jones maintains that the district court improperly failed to consider whether his kidney disease and hypertension created an independent extraordinary and compelling reason for release separate from any risk from COVID-19. But he did not raise this argument in the district court, and he may not do so for the first time now. *See Johnson v. Prentice*, 29 F.4th 895, 903 (7th Cir. 2022). Second, Jones raises purported errors with the court's § 3553(a) analysis. But because we conclude that the court reasonably decided that Jones failed to establish an extraordinary and compelling reason for release, we do not reach those arguments. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

                                                                                                                    AFFIRMED