NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2022[*]
Decided November 16, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 22-1542

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 17-40032 |
| TIMOTHY FREDRICKSON, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Timothy Fredrickson, a federal inmate, seeks compassionate release under 18 U.S.C. § 3582(c). The Bureau of Prisons declined to move for his release, and the district judge denied Fredrickson's own motion, which contended (among other things) that his sentence is invalid and that the Bureau should have moved for his release. We affirm. Fredrickson cannot argue that alleged errors at sentencing constitute an

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

extraordinary and compelling reason for release, and we cannot review the Bureau's decision not to bring a motion.

Fredrickson solicited and received sexually explicit videos from a 16-year-old whom he met online. A jury convicted him in 2020 of sexual exploitation of a minor, see 18 U.S.C. § 2251(a), (e), and the district judge sentenced him to 200 months' (about 17 years) imprisonment. We affirmed on direct appeal. See *United States v. Fredrickson*, 996 F.3d 821, 822 (7th Cir.), *cert. denied*, 142 S. Ct. 386 (2021).

Less than two years after being sentenced, Fredrickson asked the Bureau of Prisons to file a compassionate-release motion on his behalf. He requested relief for several reasons, including health concerns, but he revives only one of those reasons on appeal: He argued that his 200-month prison term for sexually exploiting a minor was unjust because his victim was above the age of consent and his conduct was nonviolent. The Bureau denied the request, saying that his health and other concerns were not "extraordinary and compelling reasons warrant[ing]" a reduced sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Fredrickson appealed administratively. He asserted that the Bureau ignored his argument that U.S.S.G. § 1B1.13 cmt. n.1(D) allows the Bureau to bring a motion for "other reasons," which, he insisted, included the unjust sentence that he believed he faced. The Bureau denied his appeal, repeating that he had not identified an extraordinary and compelling reason.

Fredrickson next moved for compassionate release in district court. As relevant here, he maintained that alleged sentencing errors constituted an extraordinary and compelling reasons for a reduced sentence. First, he argued that he received an unconstitutional "trial penalty" when, after he rejected a plea deal involving a 10-year statutory maximum, he was prosecuted and convicted under a statute with a 15-year mandatory minimum. Second, he repeated that the length of his sentence was unjust because his conduct did not involve physical violence and his victim could have legally consented to sexual conduct. He also asked the judge to review what he thought was the Bureau's arbitrary and capricious failure to consider his argument that the Bureau should have moved for his release for "other reasons" under § 1B1.13 cmt. n.1(D).

The district judge denied the motion, concluding that Fredrickson had not shown any extraordinary and compelling reason for release. The judge explained that Fredrickson had not received an impermissible penalty just because he went to trial and received a higher sentence than if he had pleaded guilty; plus, the judge continued, the supposed unfairness of a sentence is not an extraordinary and compelling ground for compassionate release. See *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021), *cert.*

*denied*, 142 S. Ct. 1363 (2022). Fredrickson sought reconsideration, stating that the judge ignored his argument that the Bureau wrongly failed to move for compassionate release based on an unjust sentence. The judge denied the motion, concluding this was a new argument that Fredrickson had not adequately developed earlier.

On appeal, Fredrickson repeats his argument that he showed extraordinary and compelling reasons for release because, he says, his sentence reflects an unconstitutional penalty and is unjust. He admits that *Thacker* and its progeny block inmates from arguing that alleged sentencing errors are extraordinary and compelling reasons for compassionate release. But, he says, *Thacker* is not binding because, in his view, it invalidly "overrule[d]" *United States v. Black*, 999 F.3d 1071, 1075 (7th Cir. 2021), without an en banc hearing; the panel in *Thacker* merely circulated the opinion to this court's judges, see Cɪʀ. R. 40(e), and this, he contends, was procedurally insufficient.

Frederickson's argument for ignoring *Thacker* is frivolous. *Thacker* did not purport to overrule *Black*—nor did it do so. Rather, *Thacker* clarified the difference between threshold eligibility for a reduced sentence (having an extraordinary and compelling reason for release) and what a district judge can consider once an inmate has cleared that threshold. See 4 F.4th at 575–76. And even if *Thacker* had sought to overrule *Black*—which, again, it did not—the *Thacker* panel followed proper procedure. It circulated the proposed opinion to the full court, and no member in active service favored rehearing the case en banc. See *id.* at 576; Cɪʀ. R. 40(e). The text of Rule 40(e) refutes Fredrickson's contention that an en banc hearing, rather than circulation, was necessary for overruling circuit precedent.

Fredrickson alternatively argues that *Thacker* does not apply because it concerned nonretroactive sentencing amendments while his case is about the constitutionality of his sentence. The difference is immaterial. As we have emphasized in cases since *Thacker*, an inmate cannot use a compassionate-release motion to argue that any kind of error in sentencing is an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A)(i). See *United States v. Brock*, 39 F.4th 462, 464–65 (7th Cir. 2022); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) (citing *Thacker*, 4 F.4th at 574–75).

Next, Fredrickson—in his untimely reply brief[1]—contends that *Concepcion v. United States*, 142 S. Ct. 2389 (2022), undermines *Thacker*. *Concepcion* held that a district

---

[1] We previously extended the deadline for Fredrickson to file his reply until October 3, 2022. He dated his reply October 10. So, even applying the prison-mailbox

judge may consider intervening factual or legal changes when resentencing a defendant under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). 124 S. Ct. at 2396. As part of its reasoning, the Court said that only Congress or the Constitution can "limit[] the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence." *Id.* Fredrickson argues that nothing in the text in § 3582(c) bars a judge from considering a sentencing error as an extraordinary and compelling reason for early release, and thus, he continues, *Thacker* wrongly cabined judges' discretion by preventing judges from considering those errors.

Our circuit's compassionate-release framework squares with *Concepcion*. That framework proceeds in two steps: (1) does the inmate have an "extraordinary and compelling" reason justifying a sentence reduction, and (2) do the factors from 18 U.S.C. § 3553(a) justify a reduction? *Thacker*, 4 F.4th at 576; *see also United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). At the second step, a district judge has "broad discretion to consider all relevant information," *Concepcion*, 124 S. Ct. at 2398, potentially including the issues Fredrickson raises. *See United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022). The only limits at this step, as *Concepcion* said, come from the Constitution or Congress. 124 S. Ct. at 2396. But a judge has this discretion only if an inmate is eligible for a modified sentence, and that is what step one concerns. The Supreme Court has not said judges have a similar wide-ranging discretion when deciding if an inmate is eligible for a modified sentence. *King*, 40 F.4th at 596 (citing *Terry v. United States*, 141 S. Ct. 1858 (2021)). Rather, to be eligible, an inmate must supply a reason that is "extraordinary and compelling," and supposed legal errors are neither; indeed, they are routine enough to have their own procedures for addressing them: direct appeals and collateral attacks. *See id.* at 595; *Thacker*, 4 F.4th at 574.

Finally, Fredrickson argues that we should review the Bureau of Prisons' decision not to move for his release. The Bureau, he says, failed to exercise its authority to move to reduce his sentence under a policy statement in the Guidelines that allows the Bureau to bring a motion based on "other reasons." See U.S.S.G. § 1B1.13 cmt. n.1(D). He insists that this failure was "arbitrary and capricious," in violation of the Administrative Procedure Act.

---

rule, see FED. R. APP. P. 25(a)(2)(A)(iii), the reply is untimely. We interpret his late-filed brief as a motion to file it instanter, and we grant that motion.

Fredrickson is not entitled to judicial review of the Bureau's decision. Review of an agency's action under the Administrative Procedure Act is possible only if statutes or regulations contain "judicially manageable standards … for judging how and when an agency should exercise its discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985); *Peterson v. Barr*, 965 F.3d 549, 552 (7th Cir. 2020). But no authority controls the Bureau's discretion to decide not to bring a motion for compassionate release. The authority that empowers the Bureau to bring such a motion, 18 U.S.C. § 3582(c)(1)(A), simply says that the Bureau can bring a motion. And the applicable regulations merely set forth the procedure the Bureau uses to process an inmate's request and file a motion; they do not suggest substantive criteria for deciding whether to bring one. See 28 C.F.R. §§ 571.60–.64. Likewise, the policy statement that Fredrickson cites merely allows for the Bureau to bring motions for "other reasons" "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1(D). But it does not suggest the allowable reasons. Thus, because the decision of the Bureau not to file a compassionate-release motion on Fredrickson's behalf is committed to the Bureau's full discretion, the Administrative Procedure Act does not authorize review of that decision. See 5 U.S.C. § 701(a)(2).

AFFIRMED