In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 24-1191

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EURAL BLACK,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 05 CR 70-4 — **Lindsay C. Jenkins**, *Judge.*

———————————

ARGUED NOVEMBER 8, 2024 — DECIDED MARCH 11, 2025

———————————

Before RIPPLE, HAMILTON, and KIRSCH, *Circuit Judges.*

KIRSCH, *Circuit Judge.* In 2018, Congress passed the First Step Act, which, among other things, restricted the stacking of sentences imposed pursuant to 18 U.S.C. § 924(c). Before the First Step Act, second or subsequent § 924(c) convictions resulted in consecutive 25 year mandatory minimum sentences. After the First Step Act, such convictions no longer carry consecutive 25 year mandatory minimums, unless the subsequent conviction comes in a separate prosecution after

the first conviction is final. In that case, the mandatory minimum sentence remains 25 years. We call this change in law the First Step Act's anti-stacking amendment.

In 2024, the United States Sentencing Commission amended a policy statement to allow prisoners serving unusually long sentences to seek sentence reductions under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), due to a change in the law. U.S.S.G. § 1B1.13(b)(6). Eural Black, citing the First Step Act, sought such a reduction due to his stacked § 924(c) sentences. The district court found Black ineligible for a sentence reduction based on our holding in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), that the First Step Act's anti-stacking amendment to § 924(c) is not an extraordinary and compelling reason for compassionate release. Because *Thacker* remains binding law, and the Commission's attempt to say otherwise exceeds its statutory authority, we affirm.

I

A

In the Sentencing Reform Act of 1984, Congress established the United States Sentencing Commission to impose uniformity and improve the effectiveness of the federal sentencing system. Pub. L. No. 98-473, §§ 211–39, 98 Stat. 1837, 1987–2040; *Neal v. United States*, 516 U.S. 284, 290–91 (1996). The Commission is an independent agency in the judicial branch that acts by issuing guidelines and policy statements. *Mistretta v. United States*, 488 U.S. 361, 393–94 (1989); 28 U.S.C. § 994(a). Congress has tasked the Commission with interpreting certain statutory provisions, including 18 U.S.C.

§ 3582(c)(1)(A), commonly known as the compassionate release statute. 28 U.S.C. § 994(t).

Section 3582(c)(1)(A) creates an exception to the general rule that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As relevant to Eural Black's case, a court "may reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Congress did not define "extraordinary and compelling reasons" in the statute. Instead, it delegated that task to the Commission. 28 U.S.C. § 994(t) (Commission, in policy statements, "shall describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A)). But Congress imposed some limitations on the Commission's interpretive authority. Section 994(t) provides one such limitation: "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Section 994(a) imposes another: the Commission's guidelines and policy statements must be "consistent with all pertinent provisions of any Federal statute."

Enter the First Step Act of 2018, which introduced sweeping changes to the criminal justice system, including two changes relevant here: the anti-stacking amendment to 18 U.S.C. § 924(c) and the creation of prisoner-initiated § 3582(c)(1)(A) sentence reduction motions. Pub. L. No. 115-391, §§ 403(a) & 603(b), 132 Stat. 5194, 5221–22, 5239. Regarding § 924(c)'s anti-stacking amendment, before the First Step Act, defendants convicted of multiple § 924(c) counts, even arising from a single prosecution, received consecutive 25

year mandatory minimum sentences for each conviction after the first. *United States v. Davis*, 588 U.S. 445, 450 n.1 (2019). But the First Step Act restricted how § 924(c) sentences stack. Now, the 25 year mandatory minimum for a second or subsequent § 924(c) conviction applies only when that conviction occurs in a separate case and after the prior § 924(c) conviction has become final. *Thacker*, 4 F.4th at 572 (citing First Step Act § 403). Critically, though, Congress explicitly made § 924(c)'s anti-stacking amendment nonretroactive. First Step Act § 403(b) (anti-stacking amendment "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment").

As to the amendment to § 3582(c)(1)(A), before the First Step Act, only the Bureau of Prisons (BOP) could bring sentence reduction motions under that provision. The First Step Act gave federal prisoners the right to bring such motions themselves. § 603(b); *Thacker*, 4 F.4th at 572. But shortly after the First Step Act became law, the Commission lost its quorum and with it the ability to issue a policy statement applicable to these new, prisoner-initiated motions. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). We held that the Commission's existing policy statements applied only to BOP-initiated motions. *Id.* Accordingly, with no existing policy statements applicable to prisoner-initiated sentence reduction motions and no quorum for the Commission to issue a new one, the Commission could offer no guidance when prisoners argued that § 924(c)'s anti-stacking amendment constituted an extraordinary and compelling reason for a sentence reduction. See *id.*

We confronted that issue in *Thacker*, where we interpreted extraordinary and compelling to exclude § 924(c)'s anti-stacking amendment. We held that "the amendment [to § 924(c)], whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction." *Thacker*, 4 F.4th at 571. We explained that permitting the amendment to constitute an extraordinary and compelling reason would give it retroactive effect, which Congress expressly prohibited in the First Step Act. *Id.* at 573–74.

After we decided *Thacker*, the Commission regained a quorum and added a new subsection to one of its policy statements, § 1B1.13(b)(6), which directly contradicts our holding. See Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254, 28258 (May 3, 2023) (Commission commentary to § 1B1.13(b)(6), noting *Thacker*'s progeny, *United States v. King*, 40 F.4th 594 (7th Cir. 2022), is part of a circuit split and "agree[ing] with" the other side). In § 1B1.13(b)(6), the Commission said that under certain conditions, an unusually long sentence can constitute an extraordinary and compelling reason for a sentence reduction. Specifically, § 1B1.13(b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would

> produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Section 1B1.13(b)(6) therefore makes it possible for § 924(c)'s anti-stacking amendment to constitute an extraordinary and compelling reason for a sentence reduction, contrary to *Thacker*'s holding, because the amendment was a change in law that produced a gross disparity between the sentence being served and the one likely to be imposed. Defendants convicted of stacked § 924(c) charges serve sentences longer than 10 years, which at least in some cases a judge could find unusually long. Also important, the Commission revised § 1B1.13 so that subsection (b)(6) (and the other compassionate release policy statements) applies to both BOP-initiated and prisoner-initiated sentence reduction motions.

## B

Black invoked § 1B1.13(b)(6) and moved for a sentence reduction under § 3582(c)(1)(A), arguing § 924(c)'s anti-stacking amendment constitutes an extraordinary and compelling reason to reduce his sentence. Black is serving a 40 year sentence, 30 years of which come from stacked § 924(c) convictions of consecutive 5 and 25 year terms. Were he sentenced today, Black argues his sentence would be halved: under the First Step Act's revised stacking regime, Black's § 924(c) convictions would carry consecutive 5 year mandatory minimum terms, so his total sentence would be 20 years rather than 40.

The district court denied Black's motion, finding that the Commission's policy statement in § 1B1.13(b)(6) yields to *Thacker*'s contrary holding that § 924(c)'s anti-stacking amendment cannot constitute an extraordinary and compelling reason. Black appealed, and now we must decide which interpretation of § 3582(c)(1)(A) controls.

## II

We review the denial of a § 3582(c)(1)(A) sentence reduction motion for abuse of discretion and consider any underlying questions of law de novo. *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023).

## A

Our court and the Commission have competing interpretations of extraordinary and compelling, and this appeal, at bottom, requires us to determine whose interpretation is binding authority. We said in *Thacker* that § 924(c)'s anti-stacking amendment, "whether alone or in combination with other factors," is not an extraordinary and compelling reason for a sentence reduction. 4 F.4th at 576. But the Commission says the anti-stacking amendment is an extraordinary and compelling reason, at least when considered with the other factors in § 1B1.13(b)(6). If our interpretation in *Thacker* controls, then § 1B1.13(b)(6) is invalid insofar as it makes defendants eligible for sentence reductions based on § 924(c)'s anti-stacking amendment, and Black is ineligible for relief. If the Commission's interpretation supersedes our holding in *Thacker*, then Black is eligible for relief under § 1B1.13(b)(6).

We hold that our interpretation of extraordinary and compelling prevails over the Commission's because the Commission exceeded its statutory authority. When Congress

explicitly delegates to an agency the authority to interpret a statute, the agency's interpretation supersedes the court's unless the agency's interpretation exceeds the scope of authority that Congress explicitly delegated. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394–95 (2024) (citing *Batterton v. Francis*, 432 U.S. 416, 425 (1977)); *id.* at 413 ("[W]hen a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it."); *United States v. LaBonte*, 520 U.S. 751, 757 (1997) (Commission's "discretion … must bow to the specific directives of Congress."). Here, Congress explicitly delegated to the Commission authority to interpret extraordinary and compelling under § 3582(c)(1)(A). 28 U.S.C. § 994(t). But because the Commission exceeded the scope of its authority, we do not defer to its policy statement and instead follow our own interpretation.

As previously discussed, when Congress explicitly delegated to the Commission authority to interpret extraordinary and compelling, it imposed limitations. Important for our purposes, the Commission's interpretation must be "consistent with all pertinent provisions of any Federal statute." *Id.* § 994(a). Thus, if § 1B1.13(b)(6) conflicts with another statute (here, the First Step Act), the Commission has exceeded the scope of its explicitly delegated authority, and § 1B1.13(b)(6) is invalid. And it is courts, not the Commission, that determine whether such conflicts exist. Cf. *Loper Bright*, 603 U.S. at 412 ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires."). The Commission does not decide for itself whether it has complied with all federal statutes. We do.

We already did in *Thacker*. It follows from *Thacker* that § 1B1.13(b)(6) conflicts with the First Step Act. Specifically, because § 1B1.13(b)(6) makes § 924(c)'s anti-stacking amendment an extraordinary and compelling reason, it makes the amendment retroactive, and that violates the First Step Act. By conflicting with a federal statute, § 1B1.13(b)(6) therefore exceeds the scope of the Commission's explicitly delegated authority to interpret extraordinary and compelling and is invalid insofar as it makes defendants eligible for sentence reductions based on § 924(c)'s anti-stacking amendment. Accordingly, our interpretation in *Thacker* that the amendment cannot be an extraordinary and compelling reason prevails over the Commission's contrary interpretation in § 1B1.13(b)(6). Since the only extraordinary and compelling reason that Black argued in his motion for compassionate release was § 924(c)'s anti-stacking amendment, he was ineligible for a sentence reduction, and the district court properly denied his motion.

B

Black argues that it's permissible for § 1B1.13(b)(6) to make § 924(c)'s anti-stacking amendment an extraordinary and compelling reason, but his arguments fail. He contends, contrary to *Thacker*, that § 1B1.13(b)(6) does not conflict with the First Step Act because § 1B1.13(b)(6) does something different than mandate retroactive relief for § 924(c) anti-stacking. Black says § 1B1.13(b)(6) creates a multifactor inquiry where, if the defendant satisfies all factors, he is eligible for, but does not necessarily receive, a sentence reduction. In this multifactor inquiry, the district court considers (1) whether the defendant is serving an unusually long sentence; (2) whether the defendant has served at least

ten years of that sentence; (3) whether an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed; and (4) the defendant's particularized circumstances. After considering all these factors, the district court may find the defendant eligible for a sentence reduction but, in its discretion, still decline to grant it. See 18 U.S.C. § 3582(c)(1)(A) ("[T]he court … *may* reduce the term of imprisonment….") (emphasis added). And even if the district court does decide to grant it, the reduction does not necessarily mirror the relief a retroactive § 924(c) anti-stacking amendment would mandate; the length of the reduction is within the district court's discretion and could be much shorter. Therefore, Black argues, § 1B1.13(b)(6) does something different than a retroactive § 924(c) anti-stacking amendment would, and there is no conflict between § 1B1.13(b)(6) and the First Step Act.

But the problem with this argument is it runs headfirst into *Thacker*. We have already said, clearly and unequivocally, that § 924(c)'s anti-stacking amendment, even "in combination with other factors," cannot be an extraordinary and compelling reason for a sentence reduction. *Thacker*, 4 F.4th at 576. If it were, it would be retroactive in violation of the First Step Act and therefore in excess of the Commission's authority. See *id.* at 573–74; 28 U.S.C. § 994(a). The First Step Act said the mandatory minimum sentence for a defendant, like Black, whose second or subsequent § 924(c) conviction was already final is 25 years. First Step Act § 403. Allowing any reduction of that sentence based on the anti-stacking amendment—whether as the sole reason or one of several, and whether as of right or at the court's discretion—impermissibly makes the

amendment retroactive. So *Thacker* forecloses Black's argument.

Black also argues that *Thacker* was merely an interim, gap-filling decision that applied only until the Commission issued an updated policy statement. Now that the Commission has issued § 1B1.13(b)(6), Black says, § 1B1.13(b)(6) controls. It is true that we decided *Thacker* in the period after Congress enacted the First Step Act and amended § 924(c) but before the Commission issued § 1B1.13(b)(6). So, as Black sees it, because we anticipated that the Commission would eventually issue an applicable policy statement, we intended *Thacker* and its progeny to provide only a temporary answer. But Black is incorrect. For one thing, we directly interpreted § 3582(c)(1)(A), not one of the Commission's outdated policy statements applicable only to BOP-initiated motions. See *Thacker*, 4 F.4th at 575. Our interpretation of extraordinary and compelling in the governing compassionate release statute—rather than an interpretation of a derivative policy statement of limited applicability—is lasting, not temporary.

For another, the language in *Thacker* and its progeny does not suggest we intended those cases as mere stopgap interpretations of how § 3582(c)(1)(A) applies to § 924(c) anti-stacking. Black points to where we wrote, "until the Sentencing Commission updates its policy statement to reflect prisoner-initiated compassionate release motions, district courts have broad discretion to determine what else may constitute 'extraordinary and compelling reasons' warranting a sentence reduction," *Thacker*, 4 F.4th at 573, as evidence that we intended our interpretation to bind only until the Commission stepped in. But this language does not mean what Black asserts it does. It summarized our holding in a

different case, *Gunn*, 980 F.3d 1178, that the Commission's pre-First Step Act policy statements applied only to BOP-initiated and not prisoner-initiated compassionate release motions. It said nothing about § 924(c). In that passage, we broadly anticipated the Commission would issue updated policy statements applicable to prisoner-initiated motions, but we never suggested a policy statement that exceeded the Commission's authority by making § 924(c) anti-stacking an extraordinary and compelling reason would replace *Thacker*'s holding. Indeed, in the very next sentence, we warned that "the discretionary authority conferred by § 3582(c)(1)(A) only goes so far. It cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in … the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively." *Thacker*, 4 F.4th 574.

Before concluding, we pause to make some observations. We recognize *Thacker*'s holding that § 924(c)'s anti-stacking amendment cannot constitute an extraordinary and compelling reason for a sentence reduction is not consensus; the courts of appeals have split on the issue.* Perhaps the Supreme Court will eventually resolve the split, but for now we will follow our precedent and join the only other court of

---

* Compare *Thacker*, 4 F.4th at 571, 576; *United States v. Andrews*, 12 F.4th 255, 260–61 (3d Cir. 2021); *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025); *United States v. McCall*, 56 F.4th 1048, 1050 (6th Cir. 2022); *United States v. Crandall*, 25 F.4th 582, 585–86 (8th Cir. 2022); and *United States v. Jenkins*, 50 F.4th 1185, 1198 (D.C. Cir. 2022), with *United States v. Ruvalcaba*, 26 F.4th 14, 24–26 (1st Cir. 2022); *United States v. McCoy*, 981 F.3d 271, 286–88 (4th Cir. 2020); *United States v. Chen*, 48 F.4th 1092, 1097–98 (9th Cir. 2022); and *United States v. McGee*, 992 F.3d 1035, 1047–48 (10th Cir. 2021).

appeals to so far resolve the battle of competing interpretations. See *United States v. Rutherford*, 120 F.4th 360, 376 (3d Cir. 2024) (applying the Third Circuit's equivalent of *Thacker*, *Andrews*, 12 F.4th at 260–61, and holding that § 1B1.13(b)(6), "as applied to the First Step Act's modification of § 924(c), conflicts with the will of Congress and thus cannot be considered in determining a prisoner's eligibility for compassionate release").

In reaching our conclusion, we do not suggest that § 924(c)'s anti-stacking amendment is irrelevant to § 3582(c)(1)(A) sentence reductions, only that it cannot serve as the basis for a defendant's eligibility by itself or in combination with other factors. If other, independent grounds make a defendant eligible, a district court is free to consider the amendment in making its discretionary decision about how much relief, if any, to grant.

                                                                                  AFFIRMED

RIPPLE, *Circuit Judge*, concurring. This decision is consistent with this court's holding in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). *Thacker* was circulated to the full court under Circuit Rule 40(e), and the court declined to hear the case *en banc*. Accordingly, the doctrines of stare decisis and precedent require that I concur in the judgment and opinion of the court.

HAMILTON, *Circuit Judge*, dissenting. I respectfully dissent. In the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), Congress chose to create a vague exception to the general rule that a federal court may not modify a sentence after imposing it: if "extraordinary and compelling reasons" warrant a reduced sentence. In 28 U.S.C. § 994(t), Congress expressly delegated to the United States Sentencing Commission the responsibility of interpreting the phrase "extraordinary and compelling reasons." The Commission's 2023 interpretation in U.S.S.G. § 1B1.13(b)(6) is reasonable and does not conflict with federal statutes. We should therefore apply it here.

The majority affirms here by reading too expansively our decision in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). The majority reads *Thacker* as settling for all time, at least in this circuit, that the scope of "extraordinary and compelling reasons" excludes from consideration the prospective change Congress adopted for stacking charges under 18 U.S.C. § 924(c). *Thacker* was decided during an interim power vacuum. The Commission lacked a quorum, creating a gap in the law just as the First Step Act took effect and courts needed to decide prisoner-initiated petitions for compassionate release. We did our best in *Thacker*, but we are no longer writing on a blank slate. We and our colleagues in other circuits split almost evenly on whether and when the prospective-only change in stacking § 924(c) charges could support a compassionate release petition. See ante at 12 n.* (collecting cases).

The question before us in *Thacker* was how best to read § 3582(c)(1)(A) in the absence of Commission action. The question here is different. The question here is whether the Commission's interpretation—pursuant to an express congressional delegation—is a reasonable one within the bounds

of the law. In answering that question, we must keep in mind that Congress imposed only one specific limit in 28 U.S.C. § 994(t): "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Other issues were left to the Commission's judgment and expertise.

The circuit split that emerged before the Commission acted in 2023 is powerful evidence that the Commission's new policy statement resolving the circuit split is reasonable and does not conflict with other statutes. See, e.g., *United States v. Jean*, 108 F.4th 275, 288–90 (5th Cir. 2024), *overruled by United States v. Austin*, 125 F.4th 688 (5th Cir. 2025). In adopting the new policy in U.S.S.G. § 1B1.13(b)(6), the Commission did not treat the § 924(c) change alone as extraordinary and compelling. Rather, it struck a compromise position regarding the circuit split. Only if a defendant received and has served at least ten years of an "unusually long sentence," and if there is a "gross disparity" between the sentence the defendant received and what he would receive today, then a district court may modify that sentence after giving full consideration to the individual defendant's circumstances. The Commission's middle-ground position does not conflict with § 924(c). It can easily co-exist with Congress's decision in the First Step Act to deny full retroactive effect to the change in § 924(c)'s stacking provision, which would have automatically entitled all defendants with stacked § 924(c) charges to full and immediate consideration of resentencing. See, e.g., *United States v. Chen*, 48 F.4th 1092, 1098–1101 (9th Cir. 2022).

We should respect Congress's delegation of this choice to the Commission. We should clarify that *Thacker* did not intend to answer the statutory question definitively, regardless of what the Commission might say in the future. And we

should remand this case for an exercise of the discretion granted to the district court under § 3582(c)(1)(A) and § 1B1.13(b)(6).