In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-2630

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBIN PEOPLES,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:98-CR-55 — **Robert L. Miller, Jr.**, *Judge.*

ARGUED APRIL 27, 2022 — DECIDED JULY 20, 2022

Before SYKES, *Chief Judge*, and BRENNAN and SCUDDER, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Robin Peoples is serving a 110-year sentence for multiple armed bank robberies he committed in the late 1990s. Twenty-one years into that sentence, he invoked 18 U.S.C. § 3582(c)(1)(A)(i) and sought early release, contending not only that his prison record shows extraordinary rehabilitation, but also that, because of Congress's recent enactment of the First Step Act, he would not face such a

lengthy prison term if sentenced today for the same crimes. After initially concluding otherwise, the district court denied Peoples's motion, recognizing that our decision in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), all but forecloses his position. The district court also determined that Peoples otherwise failed to identify an extraordinary and compelling reason warranting early release. We agree and affirm.

## I

### A

Robin Peoples led a gang that robbed four Indiana banks in late 1997 and early 1998. In each robbery, he brandished an assault rifle. And on at least one occasion he pointed the gun at tellers and threatened to kill them if they did not hand over money. Peoples stole getaway cars, which, on two occasions, he then doused with gasoline and set on fire. The robberies netted about $105,000.

Federal charges followed, and in 1999 a jury convicted Peoples on multiple counts of armed bank robbery (18 U.S.C. § 2113(d)), using a firearm during a felony (18 U.S.C. § 924(c)) and to commit a felony (18 U.S.C. § 844(h)), and maliciously destroying a vehicle by fire (18 U.S.C. § 844(i)).

The four § 924(c) convictions required the imposition of consecutive minimum sentences. The sentences stacked this way: Peoples received five years for the first § 924(c) conviction and then three consecutive sentences of 20 years for each of the other three counts of conviction. See 18 U.S.C. § 924(c)(1) (1997 ed.). All together, then, the four § 924(c) convictions resulted in 65 mandatory years. The two § 844(h) convictions required a sentence of at least 30 consecutive years.

In the end, the district court sentenced Peoples to a total term of imprisonment of almost 111 years (1,329 months). This consisted of concurrent terms of about 16 years (189 months) on the § 2113(d) and § 844(i) counts, 65 mandatory consecutive years (780 months) on the § 924(c) counts, and an additional 30 mandatory consecutive years (360 months) on the § 844(h) counts. Peoples's challenge to his conviction and sentence on appeal proved unsuccessful. See *United States v. Peoples*, 6 F. App'x 386, 390 (7th Cir. 2001).

By any measure, Peoples has used his time in prison to better himself. He has taken and successfully completed many classes, including on how to continue with parenting responsibilities in prison, leadership and interpersonal skills development, accounting, music, and typing. All along he has maintained good behavior, receiving no disciplinary infractions. The record even shows that Peoples, at substantial risk to his own safety, took steps to save another person's life in prison.

Peoples's record in prison so impressed Bureau of Prisons personnel that nine correctional officers came forward and supported his motion for compassionate release that he filed under 18 U.S.C. § 3582(c)(1)(A)(i) in February 2021. Peoples saw early release as warranted because of his record of extraordinary rehabilitation and the reality that, as a result of the First Step Act's amendments to § 924(c), he would face a much shorter sentence today for the same armed bank robberies.

Peoples is right that the First Step Act changed the law. See Pub. L. No. 115-391, 132 Stat. 5194. Section 403 of the enactment amended § 924(c) to make clear that the provision's stacking requirement applies only when the first

§ 924(c) conviction arises from a separate case and becomes final before a second conviction. See 18 U.S.C. § 403, 132 Stat. at 5221–22 (2018). Everyone agrees that Peoples, if sentenced today, would face a mandatory minimum total of 20 consecutive years for equivalent § 924(c) convictions—45 years less than he faced at the time of his original 1999 sentencing. By its terms, however, the amendment only applies prospectively.

B

Relying on *United States v. Black*, 999 F.3d 1071, 1075 (7th Cir. 2021), the district court initially granted Peoples's motion and ordered his immediate release. The district court reasoned that it "can, in an appropriate case, find extraordinary and compelling reasons for compassionate release based solely on the unreasonableness—by contemporary standards—of the defendant's sentence." Under this framework, the court emphasized the fact that Peoples, if sentenced after the First Step Act's amendment to § 924(c), would face 45 fewer years of mandatory consecutive imprisonment. That development, in the court's view, constituted an extraordinary and compelling reason warranting a sentencing reduction. From there the district court considered the factors in 18 U.S.C. § 3553(a) and found they too favored early release, especially given the extent of Peoples's rehabilitation.

The government moved for reconsideration. While that motion was pending, we decided *United States v. Thacker*, holding that the compassionate release statute "cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively." 4 F.4th at 574. We explained that "the discretion conferred by § 3582(c)(1)(A) does not include

authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentencing reduction." *Id.*

The district court recognized the significance of *Thacker*. As the court saw it, *Thacker* "made clear that a defendant's stacked § 924(c) sentences can't play a part in resolving a petition for compassionate release"—a reality that required granting the government's motion to reconsider, vacating the order granting early release, and reinstating Peoples's original sentence.

To be sure, the district court stood by its prior finding that "[o]ther factors made Mr. Peoples's 1999 sentence unreasonable in 2021." Notwithstanding this observation, the district court took care to acknowledge that it could not "honestly say that it would reach the same result without considering the extra 45 years for what the law treated as second and subsequent § 924(c) offenses at Mr. Peoples's 1999 sentencing." The court offered this acknowledgement against its recognition of our statement in *Thacker*, that, at "step one [of a compassionate release motion], the prisoner must identity an 'extraordinary and compelling' reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c)." 4 F.4th at 576.

In the course of its reasoning, the district court reinforced its view on the extraordinary degree of Peoples's rehabilitation in prison. But so too did the district court determine that after *Thacker* "those observations no longer support a grant of compassionate release under today's understanding of the law in this circuit."

Peoples reported back to prison the next day and then appealed.

## II

### A

The compassionate release statute provides that a court "may not modify a term of imprisonment once it has been imposed except" if "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it "finds that extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

This statutory language led us in *Thacker* to observe that proper consideration of a motion for compassionate release proceeds in two steps. *First*, the prisoner "must identify an 'extraordinary and compelling' reason warranting a sentence reduction." *Thacker*, 4 F.4th at 576. *Second*, "[u]pon a finding that the prisoner has supplied such a reason," the district court "exercis[es] the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.*

The district court committed no abuse of discretion in concluding that Peoples failed at step one. In reconsidering its initial ruling, the district court recognized that *Thacker* forecloses prisoners from using § 3582(c)(1)(A) to navigate around Congress's express choice in the First Step Act not to make its amendment to § 924(c) retroactive. After acknowledging this limitation, the district court explained that it could not "honestly say" that Peoples had shown an extraordinary and compelling reason for release.

On this record, we see no shortcoming in the district court's reasoning. The district court reconsidered its reasoning in light of *Thacker*, accurately described our holding there, and then in clear and candid terms explained that, setting aside the significance of the change of law embodied in the First Step Act, it could find no extraordinary and compelling reason for a reduced sentence.

Peoples urges a different view, contending that, notwithstanding *Thacker*, he has still identified an extraordinary and compelling reason warranting early release—his "post-conviction conduct and rehabilitation *alone*." We disagree, for here too Peoples runs into an express limitation imposed by Congress making clear, albeit in a directive to the Sentencing Commission, that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for early release. 28 U.S.C. § 994(t).

The clarity of that congressional determination resolves the question before us, for "the discretionary authority conferred by § 3582(c)(1)(A) only goes so far." *Thacker*, 4 F.4th at 574. The compassionate release statute "cannot be used," we have emphasized, "to effect a sentencing reduction at odds with Congress's express determination." *Id.*; see also U.S.S.G. § 1B1.13 cmt. n.3 (providing that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for" compassionate release). And § 994(t) tells us in no uncertain terms that Congress has determined that rehabilitation alone does not warrant early release. See *United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021) (referencing § 994(t)'s express language and likewise emphasizing that Congress has made itself "emphatically clear" that rehabilitation alone cannot serve as a basis for early release under § 3582(c)(1)(A)).

A contrary conclusion would undermine the determinate sentencing scheme Congress established with the Sentencing Reform Act of 1984. See *Mistretta v. United States*, 488 U.S. 361, 363–68 (1989). That enactment evinced Congress's clear desire to displace the then-existing indeterminate sentencing and parole systems that relied on broad discretion about an "offender's amenability to rehabilitation." *Id.* This discretion resulted in "[s]erious disparities in sentences" and "uncertainty as to the time the offender would spend in prison." *Id.* at 365–66. So "Congress overhauled federal sentencing procedures to make prison terms more determinate and abolish the practice of parole. Now, when a defendant is sentenced to prison he generally must serve the great bulk of his assigned term." *United States v. Haymond*, 139 S. Ct. 2369, 2382 (2019).

To allow rehabilitation, standing alone, to serve as an extraordinary and compelling circumstance warranting early release would nearly bring us full circle. It would "obviously require[] the judge … to make their respective sentencing and release decisions upon their own assessments of the offender's" rehabilitation. *Mistretta*, 488 U.S. at 363. It would bring back the "serious impediment[s] to an evenhanded and effective operation of the criminal justice system" that motivated the Sentencing Reform Act—unwarranted sentencing disparities from judge to judge and uncertainty as to how long an offender would remain incarcerated. *Id.* at 366. And it would run contrary to what Congress took care to state in § 994(t) in clear and precise terms—that the "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.

This conclusion carries particular force here. If Peoples were convicted of the same crimes today, he would still face

a 55-year mandatory minimum consecutive sentence—five years for the § 844(i) conviction, 20 consecutive years for the four § 924(c) counts, and another 30 consecutive years on the § 844(h) counts. He has spent the last 23 years in prison. This is just over half of what the mandatory consecutive term would be by today's measure, and less than a quarter of the 95 mandatory consecutive years that Peoples was originally subject to. We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme.

But be careful not to overread our decision. As the Fourth Circuit has explained, "there is no indication that successful rehabilitation efforts may not be considered as one among other factors" warranting a reduced sentence under § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 286 n.9 (4th Cir. 2020); see also *United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020) ("In the instant case, Zullo does not rely *solely* on his (apparently extensive) rehabilitation.") (emphasis in original). We agree. Our primary point is more limited: rehabilitation "cannot serve as a stand-alone reason" for compassionate release. *Hunter*, 12 F.4th at 563. That observation resolves Peoples's contention that his extraordinary record of rehabilitation is itself sufficient to warrant a new sentence of time served.

B

Two final points bear discussion. In a letter filed after oral argument, Peoples points us to the Supreme Court's recent decision in *Concepcion v. United States*, which interpreted the First Step Act and held that the statute "allows district courts to consider intervening changes of law or fact," including the defendant's rehabilitation, "in exercising their discretion to

reduce a sentence pursuant to the First Step Act." 142 S. Ct. 2389, 2404 (2022). He contends that *Concepcion* bolsters his argument that his rehabilitation alone can be an extraordinary and compelling reason for his release.

Not so in our view. We are not reviewing a resentencing decision under the First Step Act, but instead the denial of a compassionate release motion under § 3582(c)(1)(A). Further, in *Concepcion* itself, the Supreme Court expressly distinguished First Step Act resentencing and compassionate release, recognizing that in the latter context "Congress has … imposed express statutory limitations" that confine the exercise of judicial discretion. *Id.* at 2401. Our discretion remains bounded by the limits Congress has set. We decline to interpret § 3582(c)(1)(A) inconsistently with Congress's decisions to make its amendment to § 924(c)'s stacking provision prospective and to have rehabilitation alone not serve as a justification for early release.

Likewise, and contrary to Peoples's contentions, nothing in *Concepcion* calls into question our decision in *Thacker*. As we recently explained in *United States v. King*, "[w]e take the Supreme Court at its word that *Concepcion* is about the matters that district judges may consider when they resentence defendants." No. 21-3196, slip. op. at 3–4 (7th Cir. July 11, 2022). With that understanding, *Concepcion* does not bear on "the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release." *Id.* at 4. Simply put, *Concepcion* "does not alter [our] understanding" that the prospective amendments to § 924(c) are not an extraordinary and compelling reason for early release. *Id.* at 3.

*     *     *

Peoples's conduct in prison is exemplary. But, standing alone, his rehabilitation efforts are not a ground for release under § 3582(c)(1)(A). The district court did not abuse its discretion reaching this same conclusion, so we AFFIRM.